David K. W. Wilson, Jr.
MORRISON SHERWOOD WILSON & DEOLA
401 North Last Chance Gulch
Helena, MT 59601
(406) 442-3261
(406) 443-7294 (Fax)
kwilson@mswdlaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA, HELENA DIVISION

* * * * * * * *

| | |
|---|---|
| JENNIFER ADAMS ) | |
| ) | Cause No.: _____ |
| Plaintiffs, ) | |
| ) | |
| v. ) | **COMPLAINT AND** |
| ) | **JURY DEMAND** |
| EQUIFAX INFORMATION ) | |
| SERVICES, LLC; EXPERIAN ) | |
| INFORMATION SOLUTIONS; ) | |
| and BANK OF AMERICA N.A. ) | |
| successor by merger to BAC ) | |
| HOME LOANS SERVICING, LP, ) | |
| Defendants. ) | |

* * * * * * * *

COME NOW Plaintiff Jennifer Adams, and brings this cause of action

for violations of the Fair Credit Reporting Act, and Defamation.

1

## PARTIES

1.  Plaintiff Jennifer Adams is a resident of Helena, Lewis and Clark County, Montana.

2.  Defendant Equifax Information Services, LLC (Equifax) is a foreign corporation duly registered to do business in the State of Montana.

3.  Defendant Experian Information Solutions (Experian) is a foreign corporation duly authorized to do business in the State of Montana.

4.  Defendant Bank of America, N.A., successor by merger to Bank of America Home Loans Servicing, LP, (Bank of America) is a national bank engaged in mortgage lending and business in the State of Montana.

## VENUE AND JURISDICTION

5.  Equifax and Experian are "consumer reporting agencies" as that term is defined by 15 U.S.C. § 1681a(f) of the Fair Credit Reporting Act. Bank of America is a "furnisher" of information, as that term is used at 15 U.S.C. § 1681s-2. This Court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law. Specifically, this Court has jurisdiction under 15 U.S.C. § 1681p. The Defendants are liable to the Plaintiffs pursuant to the provisions of the "Consumer Credit Protection Act of 1968," 15 U.S.C. § 1601, *et seq*.

Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202. Defendants are also liable to the Plaintiffs pursuant to the laws of the State of Montana, which claims may be brought under the pendant jurisdiction of this Court.

6. Venue is proper in the Helena Division, pursuant to Rule 3.2 (b), Local Rules of Procedure and § 25-2-122, MCA in that the Plaintiff resides in, and Defendants do business in the Helena Division.

## FACTS

7. Plaintiff Jennifer Adams (Ms. Adams) is an individual residing in Helena, Montana.

8. Ms. Adams and her then-husband, Josh E. Adams, entered into a mortgage loan to purchase a house at 4380 Gemstone Lane, Helena, Montana, on December 22, 2009.

9. On October 24, 2013, the Adams divorced. Under the divorce decree, Mr. Adams got the house, and became responsible for the mortgage payments. The divorce decree required Mr. Adams to refinance the loan so as to remove Ms. Adams from the loan within one-year.

10. Mr. Adams became or remained delinquent on the Bank of America loan. He also did not refinance until February, 2015, and remained delinquent until March, 2015.

11. Ms. Adams' credit reports showed her as being continually delinquent on this loan from July, 2011 through February, 2015. The reports of Ms. Adams' delinquency post-divorce (i.e. starting November 2013), while technically accurate, are misleading in that it was Mr. Adams, not Jennifer, who was required to make the payments at that point.

12. In the fall of 2016, Ms. Adams disputed the Bank of America tradeline for account number 20867* to three credit reporting agencies, Experian, Equifax and Trans Union. In her disputes, she pointed out the facts set forth above, i.e. that her ex-husband was entirely responsible for the mortgage commencing November, 2013. On information and belief, the credit reporting agencies conveyed the disputes, pursuant to the their normal course of business, to the furnisher, Bank of America. In the letter, Ms. Adams cited the case of *Bush v. Roundpoint Mortg. Servicing Corp.,* 122 F. Supp. 3d 1347, in which the Court found that a technically accurate report was nevertheless misleading, and in violation of the FCRA, if it failed to acknowledge that the delinquency was solely due to the actions of a third party, not the plaintiff.

4

13. Trans Union responded by deleting the Bank of America tradeline at issue.

14. Experian responded to the dispute on or around March 23, 2017 by affirming the delinquent account "remains" as reported.

15. Equifax responded to the dispute on or around November 23, 2016 by affirming that the delinquent account was "reporting correctly."

16. The incorrect reporting of delinquent account has caused Ms. Adams financial hardship. Her damages include, but are not limited to, damage to credit, lost time and income, and mental distress.

## *CAUSE OF ACTION AGAINST DEFENDANT BANK OF AMERICA*

### Count One – Negligent and/or Willful Violations of the Fair Credit Reporting Act

17. The preceding paragraphs are realleged as though set forth in full hereunder.

18. After receiving a consumer dispute from a consumer reporting agency, a creditor or furnisher of information must conduct a reasonable investigation into the matters disputed, and correct the reports made to credit reporting agencies to ensure that the information on the consumer's report is accurate. 15 U.S.C. § 1681s(2)(B).

19. Following disputes by Ms. Adams, the credit reporting agencies conveyed their disputes to Bank of America by computer or otherwise.

5

Bank of America failed to conduct a reasonable reinvestigation of the Plaintiff's former account, failed to change its reports, and continued to inaccurately report the account delinquency as being her responsibility.

20. Bank of America is liable to the Plaintiff for damages and attorney fees under 15 U.S.C. § 1681n and/or § 1681o.

## CAUSE OF ACTION AGAINST DEFENDANTS EQUIFAX AND EXPERIAN

### Count Two - Violations of the Fair Credit Reporting Act

21. The preceding paragraphs are realleged as though set forth in full hereunder.

22. Defendants Equifax and Experian have violated 15 U.S.C. § 1681i of the Fair Credit Reporting Act by negligently and/or willfully failing to perform a reasonable investigation of the Plaintiff's disputes of the inaccurate Bank of America reporting on her credit reports, despite proof provided by Ms. Adams that the reported delinquency was accurate but misleading for failing to inform the reader that the delinquency was entirely the fault of a third-party.

23. Defendants Equifax and Experian have also willfully and/or negligently violated 15 U.S.C. § 1681e(b) of the Fair Credit Reporting Act by failing to maintain reasonable procedures to assure maximum possible accuracy of the credit reports that they generated regarding the Plaintiff.

24. Pursuant to 15 U.S.C. § 1681o of the Fair Credit Reporting Act, the CRA Defendants' actions in negligently violating the Fair Credit Reporting Act entitle Ms. Adams to recovery for her actual damages, punitive damages, as well as attorneys' fees and costs. 15 U.S.C. § 1681n.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Adams prays for the following relief:

1. For actual damages;

3. For attorneys fees and costs, pursuant to 15 U.S.C. § 1681n & o, and 15 U.S.C. § 1692 k;

4. For punitive damages, pursuant to 15 U.S.C. 1681n;

5. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, F. R. Civ. P., Plaintiff hereby demands a trial by jury of the issues triable by right by jury.

DATED this 26th day of June, 2017.

    MORRISON SHERWOOD WILSON & DEOLA

    By: /s/ David K.W. Wilson, Jr.
        David K.W. Wilson, Jr.
        Morrison, Sherwood, Wilson & Deola
        *Attorneys for Plaintiffs*